SUMMONS ISSUED

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ NOV 21 2011 ★

BROOKLYN OFFICE

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**

---x

RICHARD GRAVINA, an individual and;
JOANN GRAVINA, an individual; on behalf of
themselves and all others similarly situated,

                         Plaintiffs,

vs.

UNITED RECOVERY SYSTEMS, LP; a Texas
Limited Partnership; and JOHN AND JANE
DOES NUMBERS 1 THROUGH 25,

                         Defendants.

---x

CASE NO.:

**CLASS ACTION**

**COMPLAINT FOR VIOLATIONS OF
THE FAIR DEBT COLLECTION
PRACTICES ACT**

**DEMAND FOR JURY TRIAL**



CV1 11 5671

SPATT, J.

## I. PRELIMINARY STATEMENT

1. Plaintiffs, RICHARD GRAVINA and JOANN GRAVINA ("THE GRAVINAS"), on behalf of themselves and the class of all others similarly situated, bring this action for the illegal practices of the Defendant UNITED RECOVERY SYSTEMS, LP ("UNITED RECOVERY") who, *inter alia*, used false, deceptive, and misleading practices, and other illegal practices, in connection with its attempts to collect an alleged debt from the Plaintiffs and others.

2. The Plaintiffs allege that UNITED RECOVERY's collection practices violate the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq.* ("FDCPA").

3. Such collection practices include, *inter alia*, engaging consumers and other persons in an attempt to collect debts and obtain information about consumers wherein UNITED RECOVERY fails to disclose at the outset of those communications that a third person(s) is secretly monitoring and/or recording the communication.

4. The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy. Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses. 15 U.S.C. § 1692(a) - (e).

5. The FDCPA is a strict liability statute, which provides for actual or statutory damages upon the showing of one violation. The Second Circuit has held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of the "least sophisticated consumer." *Clomon v. Jackson*, 988 F.2d 1314 (2d Cir. 1993).

6. To prohibit deceptive practices, the FDCPA, at 15 U.S.C. § 1692e, outlaws the use of false, deceptive, and misleading representation or means in connection with the collection of any debt and names a non-exhaustive list of certain *per se* violations of false and deceptive collection conduct. 15 U.S.C. § 1692e(1)-(16). Among the *per se* violations prohibited by that section is: the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer, 15 U.S.C. § 1692e(10).

7. The Plaintiffs, on behalf of themselves and all others similarly situated, seek statutory damages, attorney fees, costs, and all other relief, equitable or legal in nature, as deemed appropriate by this Court, pursuant to the FDCPA and all other common law or statutory regimes.

## II. PARTIES

8. RICHARD GRAVINA is a natural person.

9. At all times relevant to this lawsuit, RICHARD GRAVINA was a citizen of, and resided in, the Village of Stewart Manor, Nassau County, New York.

10. JOANN GRAVINA is a natural person.

11. At all times relevant to this lawsuit, JOANN GRAVINA was a citizen of, and resided in, the Village of Stewart Manor, Nassau County, New York.

12. At all times relevant to this lawsuit, RICHARD GRAVINA and JOANN GRAVINA lived together as husband and wife and shared the same residence.

13. At all times relevant to this lawsuit, UNITED RECOVERY is a Limited Partnership existing pursuant to the laws of the State of Texas.

14. UNITED RECOVERY maintains its principal business address at 5800 North Course Drive, City of Houston, Harris County, Texas.

15. Defendants, JOHN AND JANE DOES NUMBERS 1 THROUGH 25, are sued under fictitious names as their true names and capacities are yet unknown to Plaintiffs. Plaintiffs will amend this complaint by inserting the true names and capacities of these DOE defendants once they are ascertained.

16. The Plaintiffs are informed and believe, and on that basis allege, that Defendants, JOHN AND JANE DOES NUMBERS 1 THROUGH 25, are natural persons and/or business entities all of whom reside or are located within the United States who personally created, instituted and, with knowledge that such practices were contrary to law, acted consistent with and oversaw policies and procedures used by the employees of UNITED RECOVERY that are the subject of this Complaint. Those Defendants personally control the illegal acts, policies, and

practices utilized by UNITED RECOVERY and, therefore, are personally liable for all of the wrongdoing alleged in this Complaint.

### III. JURISDICTION & VENUE

17. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

18. Declaratory relief is available pursuant to under 28 U.S.C. §§ 2201, 2202.

19. Venue is appropriate in this federal district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events giving rise to the claims of THE GRAVINAS occurred within this federal judicial district, and because UNITED RECOVERY is subject to personal jurisdiction in the State of New York at the time this action is commenced.

### IV. FACTS CONCERNING PLAINTIFFS

20. Sometime prior to November 29, 2010, THE GRAVINAS allegedly incurred a financial obligation ("The Gravina Obligation").

21. The Gravina Obligation arose out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

22. Defendants contend that the Gravina Obligation is in default.

23. The alleged Gravina Obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

24. JOANN GRAVINA is, at all times relevant to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

25. RICHARD GRAVINA is, at all times relevant to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

26. The Plaintiffs are informed and believe, and on that basis allege, that sometime prior to November 29, 2010, the creditor of the Gravina Obligation either directly or through intermediate transactions assigned, placed, transferred, or sold the debt to UNITED RECOVERY for collection.

27. UNITED RECOVERY collects, and attempts to collect, debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. Mail, telephone, and Internet.

28. UNITED RECOVERY is, at all times relevant to this complaint, a "debt collector" as defined by 15 U.S.C. § 1692a(6).

29. Within the one year immediately preceding the filing of this complaint UNITED RECOVERY has contacted Plaintiffs by calling their personal telephone on multiple occasions in an attempt to collect the Gravina Obligation.

30. Within the one year immediately preceding the filing of this complaint UNITED RECOVERY left telephonic voice messages with a third-party to deliver to the Plaintiffs in connection with its efforts to collect the Gravina Obligation ("Messages").

31. None of the Messages set forth above that were left with a third-party stated that the caller was a debt collector, provided the nature of the call (i.e. to collect a debt) or provided meaningful identification of the caller's identity.

32. In or about the latter part of November 2010, persons employed as debt collectors employed by UNITED RECOVERY called Plaintiffs at (917) 841-2838 and spoke with RICHARD GRAVINA on at least one occasion in an attempt to collect the Gravina Obligation ("Gravina Conversations").

33. The telephone number (917) 841-2838 belongs to RICHARD GRAVINA, and this is the number that UNITED RECOVERY successfully used to contact Plaintiffs.

34. At no time during their conversations with RICHARD GRAVINA did the debt collectors employed by UNITED RECOVERY ever disclose to RICHARD GRAVINA that his telephone call

35. THE GRAVINAS have never had a personal, consumer, business, or any other type of relationship with UNITED RECOVERY.

36. THE GRAVINAS have never been clients of UNITED RECOVERY.

37. THE GRAVINAS have never been customers of UNITED RECOVERY.

38. In or about November 2011, UNITED RECOVERY also mailed at least one collection letter to Plaintiffs via U.S. Mail at their residence. None of the letters were returned to UNITED RECOVERY as undeliverable.

39. The FDCPA prohibits debt collectors from communicating with most third parties, except under certain limited circumstances. 15 U.S.C. §1692c(b) provides:

> (b) Communication with third parties--Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

40. The FDCPA provides an exception for obtaining "location information," defined in 15 U.S.C. §1692a(7) as "a consumer's place of abode and his telephone number at such place, or his place of employment." 15 U.S.C. §1692b provides:

> Acquisition of location information [Section 804 of P.L.] Any debt collector communicating with any person other than the consumer for the purpose of acquiring location information about the consumer shall--

(1) identify himself, state that he is confirming or correcting location information concerning the consumer, and, only if expressly requested, identify his employer

41. The FDCPA does not permit any purported attempt to obtain "location information" if the debt collector already has the items of information identified by the statute as "location information." The Federal Trade Commission has stated:

> *Location information.* Although a debt collector's search for information concerning the consumer's location (provided in § 804) is expressly excepted from the ban on third party contacts, a debt collector may not call third parties under the pretense of gaining information already in his possession.

FTC Official Staff Commentary on the Fair Debt Collection Practices Act, 53 Fed. Reg. 50097, 50105 (Dec. 13, 1988).

42. UNITED RECOVERY frequently collects debts originally owed to third-party creditors including the creditor of the Gravina Obligation.

43. On information and belief, when UNITED RECOVERY's creditor clients send an account to UNITED RECOVERY, they transmit it electronically, along with a substantial volume of information from the credit application and other account documents.

44. On information and belief, the account information transmitted to UNITED RECOVERY by the creditor of the Gravina Obligation included the Plaintiffs' current address and telephone number.

45. On information and belief, the creditor clients of UNITED RECOVERY, including the creditor of the Gravina Obligation, communicate with the debtor until immediately before the account is sent to UNITED RECOVERY for collection. These creditors would, therefore, be aware if the address or telephone information provided to UNITED RECOVERY is not current.

46. On information and belief, UNITED RECOVERY checks and confirms the accuracy of the account contact information supplied by its creditor clients, including the creditor of the Gravina Obligation, by electronically comparing it to databases such as the postal service's National Change of Address database. This serves to confirm that the location information UNITED RECOVERY receives concerning a debtor is current and accurate.

47. UNITED RECOVERY thus has no legitimate purpose or need for obtaining "location information" on its debtors unless and until mail is returned or telephone information is not usable to contact the debtor.

48. At all times relevant to this complaint, UNITED RECOVERY knew that it already had accurate information concerning Plaintiffs' location.

49. On or about December 1, 2010, Plaintiffs' neighbor, Mary Arthur, was contacted via telephone by a man identifying himself as an employee of UNITED RECOVERY ("Arthur Conversation"). During the Arthur Conversation, the employee of UNITED RECOVERY, who identified himself as "Danny Snyder," informed Mrs. Arthur that he was trying to reach JOANN GRAVINA regarding a "personal business matter of hers."

50. Mr. Snyder falsely stated to Mrs. Arthur that he was trying to reach JOANN GRAVINA via telephone at (917) 841-2838, but that he "was not getting through on that number and believed it was changed or disconnected."

51. Mrs. Arthur asked Mr. Snyder that how he got her number to which Mr. Snyder replied, through "an electronic data search" that it was "basically like directory assistance on the Internet." This statement too was false, as Mr. Snyder actually obtained Mrs. Arthur's information using Skip tracing methods of public and non-public information databases that are not accessible to the general public "like directory assistance on the Internet."

52. During the Arthur Conversation, Mrs. Arthur asked Mr. Snyder for his telephone number, which he provided. Mrs. Arthur then asked Mr. Snyder, who are you exactly?" Mr. Snyder then replied by stating that he works for a company "called United Recovery Systems." This disclosure of the company name essentially disclosed to Mrs. Arthur that that Mr. Synder was a debt collector and that he was attempting to collect a debt from Plaintiffs.

53. Mr. Snyder then again falsely stated to Mrs. Arthur that he was unable to reach JOANNE GRAVINA via telephone at (917) 841-2838, and in doing so, implicitly convinced her that he had an urgent need to contact JOANNE GRAVINA, but had no way of doing so. In light of Mr. Snyder's implicitly false statements, Mrs. Arthur offered to deliver a message to JOANNE GRAVINA asking her to call Mr. Snyder at "(866) 743-8933" which is the number he provided her. Mr. Snyder implicitly encouraged Ms. Snyder to deliver the foregoing telephone message to JOANNE GRAVINA and did absolutely nothing from stopping or dissuading Mrs. Arthur from delivering the message to JOANNE GRAVINA.

54. At the conclusion of the Arthur Conversation, Mr. Snyder acknowledged that employees of UNITED RECOVERY had personally spoken with JOANNE GRAVINA "the first of November," which Mrs. Arthur quickly recognized as being during the same month, which prompted Mr. Snyder to then change his story to the "end of October, first of November most likely."

55. 15 U.S.C. §1692b(1) provides that, "Any debt collector communicating with any person other than the consumer for the purpose of acquiring location information about the consumer shall identify himself, state that he is confirming or correcting location information concerning the consumer, and, only if <u>expressly</u> requested, identify his employer." As set forth above, Mr. Snyder did none of this.

56. Mrs. Arthur never requested that Mr. Snyder identify his employer. Mr. Snyder volunteered the information in violation of 15 U.S.C. §1692b(1).

57. JOANN GRAVINA has never spoken with Mr. Snyder. Additionally, the telephone number (917) 841-2838, which belongs to RICHARD GRAVINA, has never been "disconnected."

58. JOANN GRAVINA has never provided UNITED RECOVERY with her prior express consent to communicate with third-parties about her or any alleged debt she may owe.

59. Mary Arthur is a "third party" as that term is defined by 15 U.S.C. §1692c(b).

60. The Arthur Conversation is a "communication" as that term is defined by 15 U.S.C. § 1692a(2).

61. At no time during the Arthur Conversation did Mr. Snyder ask Mrs. Arthur for location information concerning JOANN GRAVINA.

62. UNITED RECOVERY already had location information for JOANN GRAVINA, as evidenced by the pre-recorded phone call made to THE GRAVINA's just two days previous to the Arthur Conversation.

63. THE GRAVINIAS have lived continuously at the same address for several years.

64. If Mr. Snyder is to be taken at his word, he had spoken with JOANN GRAVINA just one month prior and should have been aware of her location information rendering the Arthur Conversation completely unnecessary.

65. The Arthur Conversation was also an indirect communication with JOANN GRAVINA as Mr. Snyder asked Mrs. Arthur to deliver a message to JOANN GRAVINA, instructing her to call him and that is concerned "an important matter."

66. The indirect communication from Mr. Snyder to JOANN GRAVINA exceeds the limits provided by 15 U.S.C. §1692b.

67. The telephone number "(866) 743-8933" is answered by is answered by persons who are employed by UNITED RECOVERY as "debt collectors" as that term is defined by 15 U.S.C. § 1692a(6).

68. At no time during the Arthur Conversation did Mr. Snyder or anyone else at UNITED RECOVERY, inform Mrs. Arthur that her telephone conversation might be surreptitiously monitored or recorded by an unannounced third person(s).

69. Unbeknownst to Mrs. Arthur, UNITED RECOVERY did in fact record the Arthur conversation without her knowledge or consent. Mrs. Arthur would not have spoken to Mr. Snyder had she known beforehand that the conversation was being recorded by a company and person she did not know and with whom she had no prior relationship.

70. A few days prior to the Arthur Conversation, RICHARD GRAVINA called UNITED RECOVERY to see why they had been calling his home.

71. At no time during the Gravina Conversations did UNITED RECOVERY inform RICHARD GRAVINA that their conversation might be surreptitiously monitored or recorded by an unannounced third person(s).

72. At the beginning of, and throughout, the Gravina Conversations, UNITED RECOVERY asked RICHARD GRAVINA to disclose his personal, private, financial, and other information.

73. Unbeknownst to RICHARD GRAVINA, UNITED RECOVERY did in fact record the Gravina Conversations without his knowledge or consent. RICHARD GRAVINA would not have spoken to UNITED RECOVERY debt collectors had he known beforehand that

the conversation was being recorded by a company and person he did not know and with whom he had no prior relationship.

74. As a result of the foregoing conduct by UNITED RECOVERY, Plaintiffs have suffered extreme emotional distress including, but not limited to, anxiety, embarrassment, humiliation, upset, anxiety, and loss of sleep.

## V. POLICIES AND PRACTICES COMPLAINED OF

75. It is Defendant's policy and practice to communicate with consumers and other persons, such as the Messages and the Arthur and Gravina Conversations, that violate the FDCPA by, *inter alia*:

- (a) Leaving telephonic voice messages for with third-parties to deliver to consumers, which fail to provide meaningful disclosure of UNITED RECOVERY's identity;

- (b) Leaving telephonic voice messages for with third-parties to deliver to consumers, which fail to disclose the purpose or nature of the communication (i.e. an attempt to collect a debt); and

- (c) Leaving telephonic voice messages for with third-parties to deliver to consumers, which fail to disclose that the call is from a debt collector.

- (d) Failing to notify a party, at the beginning of a telephonic conversation, that their conversation might be surreptitiously monitored or recorded by an unannounced third person(s).

76. On information and belief, the violations, as alleged in this complaint under the Facts Concerning Plaintiffs, number at least in the hundreds.

## VI. CLASS ALLEGATIONS

77. This action is brought as a class action. Plaintiffs bring this action on behalf of themselves and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

78. There is one Plaintiff Class and one sub-class.

79. With respect to the Plaintiff Class, this claim is brought on behalf of a class of (a) all persons in the State of New York (b) for whom Defendant left a telephonic voice message, in the form of the Messages with a third-party to deliver to a consumer, (c) that did not identify Defendant by name or state that the call was for collection purposes (d) made in connection with Defendant's attempt to collect a debt (e) which Messages violate the FDCPA (f) during a period beginning one year prior to the filing of this initial action and ending 21 days after the service of this complaint.

80. With respect to the sub-class, this claim is brought on behalf of a class of (a) all persons in the State of New York (b) with whom Defendant had a telephone conversation, (c) that was monitored or recorded by Defendant (d) without disclosing at the beginning of the conversation that the call might be monitored or recorded (e) made in connection with Defendant's attempt to collect a debt (f) which actions violate the FDCPA (g) during a period beginning one year prior to the filing of this initial action and ending 21 days after the service of this complaint.

81. The identities of all class members are readily ascertainable from the records of UNITED RECOVERY and those companies and governmental entities on whose behalf it attempt to collects debts.

82. Excluded from the Plaintiff Classes are the Defendants and all officers, members, partners, managers, directors, and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

83. There are questions of law and fact common to the Plaintiff Class and the sub-class, which common issues predominate over any issues involving only individual class members. The principal issues are: whether the Defendant's telephonic voice messages, such as the Messages, violate 15 U.S.C. §§ 1692d(6), 1692e(10), and 1692e(11); and whether Defendant recording conversations without the knowledge or consent of person called violates 15 U.S.C. §§ 1692e and 1692e(10).

84. The Plaintiffs' claims are typical of the class members, as all are based upon the same facts and legal theories.

85. The Plaintiffs will fairly and adequately protect the interests of the Plaintiff Classes defined in this complaint. The Plaintiffs have retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiffs nor their attorneys have any interests, which might cause them not to vigorously pursue this action.

86. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

 (a)  **Numerosity:** The Plaintiffs are informed and believe, and on that basis allege, that the members of the Plaintiff Classes defined above are so numerous that joinder of all members would be impractical.

(b) **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Classes and those questions predominate over any questions or issues involving only individual class members. The principal issues are whether the Defendant's telephonic voice messages, such as the Messages, violate 15 U.S.C. §§ 1692d(6), 1692e(10), and 1692e(11); and whether Defendant recording conversations without the knowledge or consent of person called violates 15 U.S.C. §§ 1692e and 1692e(10).

(c) **Typicality:** The Plaintiff's claims are typical of the claims of the class members. Plaintiffs and all members of the Plaintiff Classes have claims arising out of the Defendant's common uniform course of conduct complained of herein.

(d) **Adequacy:** The Plaintiffs will fairly and adequately protect the interests of the class members insofar as Plaintiffs have no interests that are adverse to the absent class members. The Plaintiffs are committed to vigorously litigating this matter. Plaintiffs have also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiffs nor their counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

(e) **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

87. Certification of a class under Rule 23(b)(1)(A) of the Federal Rules of Civil Procedure is appropriate because adjudications with respect to individual members create a risk of inconsistent or varying adjudications which could establish incompatible standards of conduct for UNITED RECOVERY, which, on information and belief, collects debts throughout the United States of America.

88. Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that a determination that Messages violate 15 U.S.C. §§ 1692d(6), 1692e(10), and 1692e(11), or that the Defendant's recording of debt collection telephone conversations without consent violates 15 U.S.C. §§ 1692e or 1692e(10) is tantamount to declaratory relief and any monetary relief under the FDCPA would be merely incidental to that determination.

89. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Classes predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

90. Depending on the outcome of further investigation and discovery, Plaintiffs may, at the time of class certification motion, seek to certify a class only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## VII. FIRST CAUSE OF ACTION
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### (AGAINST ALL DEFENDANTS)

91. Plaintiffs reallege and incorporate by reference the allegations in the preceding paragraphs of this Complaint.

92. Defendant violated the FDCPA. Defendant's violations with respect to the Messages include, but are not limited to, the following:

   (a) Placing telephone calls without providing meaningful disclosure of UNITED RECOVERY's identity as the caller in violation of 15 U.S.C. § 1692d(6);

   (b) Leaving telephonic voice messages which fail to disclose the purpose or nature of the communication (i.e., an attempt to collect a debt) in violation of 15 U.S.C. § 1692d(6);

   (c) Using a false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer, which constitutes a violation of 15 U.S.C. § 1692e(10);

   (d) Failing to disclose in its initial communication with the consumer, when that communication is oral, that UNITED RECOVERY is attempting to collect a debt and that any information obtained will be used for that purpose, which constitutes a violation of 15 U.S.C. § 1692e(11); and

   (e) Failing to disclose in all oral communications that UNITED RECOVERY is a debt collector in violation of 15 U.S.C. §1692e(11).

93. Defendant violated the FDCPA. Defendant's violations with respect to the Arthur Conversation include, but are not limited to, the following:

    (a)    Improperly communicating with a third-party for an improper purpose, and without the consent of the consumer, that is not limited to "location information" in violation of 15 U.S.C. § 1692c(b);

    (b)    Identifying, without request, UNITED RECOVERY's name to a third-party document in violation of 15 U.S.C. § 1692c(b);

    (c)    Engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt in violation of 15 U.S.C. § 1692d; and

    (d)    Secretly recording telephone conversations without the knowledge or consent of the called party which constitutes a false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer in violation of 15 U.S.C. §§ 1692e and 1692e(10).

94.    Defendant violated the FDCPA. Defendant's violations with respect to the Gravina Conversations include, but are not limited to, the following:

    (a)    Secretly recording telephone conversations without the knowledge or consent of the called party which constitutes a false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer in violation of 15 U.S.C. §§ 1692e and 1692e(10).

## VIII. PRAYER FOR RELIEF

95.    WHEREFORE, Plaintiffs respectfully request that the Court enter judgment in their favor and in favor of the Plaintiff Classes as follows:

A.    **For the FIRST CAUSE OF ACTION:**

    (i)    An order certifying that the First Cause of Action may be maintained as a class

      pursuant to Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiffs and the undersigned counsel to represent the Plaintiff Class and Sub-Clss as previously set forth and defined above.

(ii) An award of the maximum statutory damages for THE GRAVINAS and the Plaintiff Classes pursuant to 15 U.S.C. § 1692k(a)(2)(B);

(iii) For declaratory relief pursuant to 28 U.S.C. §§ 2201, 2202 adjudging Defendants' Messages violates the FDCPA;

(iv) For declaratory relief pursuant to 28 U.S.C. §§ 2201, 2202 adjudging Defendants' conduct of secretly recording its debt collection telephone conversation without the knowledge or consent violates the FDCPA;

(v) Attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. § 1692k(a)(3); and

(vi) For such other and further relief as may be just and proper.

## IX. JURY DEMAND

Plaintiffs hereby demand that this case be tried before a Jury.

DATED:    Fresh Meadows, New York
               August 22, 2011

                                             WILLIAM F. HORN, ESQ. (WH-1070)
                                             Law Office of William F. Horn
                                             188-01B 71st Crescent
                                             Fresh Meadows, NY 11365
                                             Telephone: (718) 785-0543
                                             Facsimile: (866) 596-9003

                                             *Attorney for Plaintiffs, Richard Gravina, Joann Gravina, and all others similarly situated*

      pursuant to Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiffs and the undersigned counsel to represent the Plaintiff Class and Sub-Clss as previously set forth and defined above.

(ii) An award of the maximum statutory damages for THE GRAVINAS and the Plaintiff Classes pursuant to 15 U.S.C. § 1692k(a)(2)(B);

(iii) For declaratory relief pursuant to 28 U.S.C. §§ 2201, 2202 adjudging Defendants' Messages violates the FDCPA;

(iv) For declaratory relief pursuant to 28 U.S.C. §§ 2201, 2202 adjudging Defendants' conduct of secretly recording its debt collection telephone conversation without the knowledge or consent violates the FDCPA;

(v) Attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. § 1692k(a)(3); and

(vi) For such other and further relief as may be just and proper.

## IX. JURY DEMAND

Plaintiffs hereby demand that this case be tried before a Jury.

DATED: Fresh Meadows, New York
November 18, 2011

                                       _____
                                       William F. Horn, Esq. (WH-1070)
                                       LAW OFFICE OF WILLIAM F. HORN
                                       188-01B 71st Crescent
                                       Fresh Meadows, NY 11365
                                       Telephone: (718) 785-0543
                                       Facsimile: (866) 596-9003
                                       E-Mail: bill@wfhlegal.com

                                       *Attorney for Plaintiffs, Richard Gravina, Joann Gravina, and all others similarly situated*